ORIGINAL

FILED

09/06/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0409

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0409

STATE OF MONTANA,

Plaintiff and Appellee,

v.

HOLLY ANN MATHIS, aka,
HOLLY ANN NORLING,

Defendant and Appellant.

FILED

SEP 0 6 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Appellant Holly Ann Mathis (Mathis) has filed a Petition for Rehearing of this Court's opinion in *State v. Mathis*, 2022 MT 156, 409 Mont, 348, ___ P.3d ___ (Opinion), affirming Mathis's conviction for incest. Mathis challenges only our decision regarding issue one: whether the district court correctly denied Mathis's motion to interview T.N. and J.M. This Court affirmed the District Court's denial of Mathis's request. We concluded that the record established the children had declined any further interviews and further recognized a witness's right to decline an interview. In her Petition, Mathis argues that the record does not support a conclusion that the children *themselves* declined interviews. Mathis raised this argument in her reply brief in response to the State's answer brief.

Under M. R. App. P. 20, this Court seldom grants petitions for rehearing. The Rule makes clear that this Court will entertain a petition for rehearing on very limited grounds. Specifically, this Court will consider a petition for rehearing only if the opinion "overlooked some fact material to the decision," if the opinion "overlooked some question presented by counsel that would have proven decisive to the case," or if the "decision conflicts with a statute or controlling decision not addressed" by this Court. M. R. App. P. 20(a)(i)-(iii).

Here, Mathis would have us ignore a clear and unambiguous representation made by Mathis in her motion for the children's interviews filed before the trial court: that she had

"diligently sought access to both [T.N.] and [J.M.] for pretrial interviews [and] [t]o date, all requests have been denied." Opinion, ¶ 11, n. 4. Based on this unqualified representation alone, without considering other representations and responses made by the parties in the trial court pleadings, this Court correctly relied on Mathis's representation that the children had declined any further interviews. If it had been otherwise, it was Mathis's burden to demonstrate that § 46-15-320, MCA, was being unconstitutionally applied to her under the facts of her case. Thus, this Court has not overlooked a material fact or any arguments presented in Mathis's reply brief. To the contrary, we simply rejected Mathis's argument and her interpretation of the record and addressed the issue entirely in our Opinion.

Having fully considered Appellant's petition, the Court concludes that rehearing is not warranted under M. R. App. P. 20. The Court did not overlook material facts or issues raised by the parties or fail to address a controlling statute or decision that conflicts with the Memorandum Opinion issued in this matter.

IT IS THEREFORE ORDERED that the Petition for Rehearing is DENIED.

The Clerk is directed to provide copies of this Order to all parties and counsel of record.

Dated this _6_ day of September, 2022.

_____
Chief Justice

_____

_____

_____

_____

2

_____

_____
Justices